## Fidelity & Guaranty Fire Corporation v. Ratterman.

(Decided Jan. 28, 1936.)

HITE H. HUFFAKER and JOHN R. MOREMEN for appellant.

J. W. CLEMENTS and HARRY L. HARGADON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

On July 26, 1934, John A. Ratterman whose place of business was Eighteenth and Date streets, Louisville, Ky., was the owner of a 1931 Pontiac. On the morning of that day, Rofie Wilkerson, a colored man, went to Ratterman's store to obtain the automobile for the purpose of carrying it to his (Wilkerson's) place of business at Fifteenth and Oak streets to clean and simonize it. It had been the custom of Wilkerson to obtain the automobile in the morning, clean, simonize, and return it. Ratterman delivered the automobile with its key to Wilkerson and directed him to return the same not later than 11:15 a. m. Wilkerson had returned it theretofore, promptly and regularly, after cleaning and simonizing it. On Wednesday following Wilkerson's securing the key and the automobile, Ratterman found the latter in the county at the Lyndon Motor Company. In the afternoon of the day the automobile was taken by Wilkerson, Ratterman reported his failure to return it to the policemen of the city. Later, he procured a warrant of arrest for Wilkerson, who was thereafter indicted, charged with operating a motor vehicle without the owner's consent. He pleaded guilty, and his punishment was fixed at six months' confinement in the county jail.

The policy on which Ratterman sought a recovery contains this provision:

"G—Theft, robbery and pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not; and excepting by any person, or agent thereof, or by the agent of any firm or corporation to which person, firm or corporation the assured, or any one acting under express or implied authority of the assured, voluntarily parts with title and/or posses-

sion, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense; and excepting in any case, other than the theft of the entire automobile described herein, the theft, robbery or pilferage, of tools or repair equipment."

It will be observed this clause does not insure Ratterman against a wrongful conversion by a person in lawful possession of the automobile. Its coverage is limited to "theft, robbery and pilferage," "excepting loss suffered by the assured, voluntarily parting with his title and/or possession." In other words, its coverage is limited to the loss of the property in the rightful or wrongful possession of a third party only where such constitutes theft, in the usual and ordinary meaning of this term. Annotations, 14 A. L. R. 215; 24 A. L. R. 740; 30 A. L. R. 663; 38 A. L. R. 1124; McKenzie v. Travelers' Fire Ins. Co. of Hartford, Conn., 239 Ky. 227, 39 S. W. (2d) 239, 241; Home Ins. Co. of N. Y. v. Brewton (Tex. Civ. App.) 46 S. W. (2d) 359; American Indemnity Co. v. Higgenbotham (Tex. Civ. App.) 52 S. W. (2d) 653.

In McKenzie v. Travelers' Fire Ins. Co. of Hartford, Conn., we said:

"The rule seems to be universal that, under policies with identically the same phraseology as the one under consideration, no recovery can be had * * * unless the taking was such as to legally constitute theft; that is, a taking with the criminal intent of appropriating it to the taker's use. Ledvinka v. Home Ins. Co. of N. Y., 139 Md. 434, 115 A. 596, 19 A. L. R. 167; Rydstrom v. Queen Ins. Co., 137 Md. 349, 112 A. 586, 14 A. L. R. 212; Hassen v. Iowa Auto. Mut. Ins. Co., 195 Iowa, 141, 190 N. W. 150, 30 A. L. R. 657; Royal Ins. Co. v. Jack, 113 Ohio St. 133, 148 N. E. 923, 46 A. L. R. 529. Each of the above-cited cases deals with contracts of insurance in which the very terms, 'theft, robbery and pilferage' are used and are almost identical with the one under consideration here. * * * Therefore the rule announced in this case [Federal Ins. Co. v. Hiter, 164 Ky. 743, 176 S. W. 210, L. R. A. 1915E, 575] and the Fidelity & Casualty Company Case [205 Ky. 511, 266 S. W. 4, 41 A. L. R. 844] above is not different to the rule established in other jurisdictions."

"Theft" is defined as "the felonious taking and carrying away of the personal property of another with the intent to convert it to the use of the taker without the consent of the owner; the fraudulent taking of property with intent to deprive the owner of the value of same and to appropriate it to the use of the person taking it." McKenzie v. Travelers' Fire Ins. Co. of Hartford, Conn., supra. "In view of that definition, the term 'theft' in a contract of insurance has no different meaning to 'theft' as usually defined. To constitute theft it is necessary that there be a taking of the property; that taking must be without the consent of the owner, coupled with an intention on the part of the taker to convert it to his own use and to deprive the owner of his property right therein." McKenzie v. Travelers' Fire Ins. Co. of Hartford, Conn., supra.

The Federal Ins. Co. and the Fidelity & Casualty Co. Cases are chiefly relied upon by Ratterman. They are, as we pointed out in it, consistent with the principles stated in the McKenzie Case. The principles reiterated in the latter are controlling in the present one.

Ratterman argues that Wilkerson's possession was of that character embraced within the exception "loss suffered by the assured voluntarily parting with his title and/or possession." This argument overlooks that the coverage of the policy is limited to "theft, robbery and pilferage," and his taking of the automobile in good condition and leaving it wrecked at the Lyndon Motor Company, on the facts herein, was not theft. His act in so doing not being theft within this term as it is used in the policy, the exception on which he relies is inoperative.

Another established principle is, if the possession of property is obtained by lawful means, even though it is afterwards appropriated by the use of the taker, there can be no theft or larceny unless the intent to appropriate it to his own use and deprive the owner of it permanently existed in the mind of the taker at the time it came into his hands. Smith, etc. v. Commonwealth, 96 Ky. 85, 27 S. W. 852, 16 Ky. Law Rep. 256, 49 Am. St. Rep. 287.

And we know of no authority for giving any different meaning to the word "theft" in a contract of insur-

ance wherein it is stipulated that the company will be liable for loss or damage to an automobile, resulting from theft, robbery, or pilferage. Phœnix Assur. Co. v. Eppstein, 73 Fla. 991, 75 So. 537, L. R. A. 1917F, 540; McKenzie v. Travelers' Fire Ins. Co., supra.

The accepted rule in every case is, under a policy of this kind, it must appear that the person taking the property intended at the time of the taking to steal it.

The only evidence appertaining to Wilkerson's intent at the time he obtained possession of the key of the automobile and of the automobile is the testimony of Ratterman, which utterly fails to show Wilkerson's intent to steal it at the time he took possession of it. Lovan v. Commonwealth, 261 Ky. 198, 87 S. W. (2d) 381. The record showing Wilkerson's plea of guilty and conviction on the charge of operating a motor vehicle without the owner's consent, an offense denounced by section 2739g-58, Ky. Stats., does not establish the intent to steal. This record was objected to by the assured. Its objection was overruled, to which it retained an exception. A judgment convicting him on his plea of guilty was neither res judicata nor an estoppel as to the insurance company. Indeed, it was incompetent and prejudicial. Sowder v. Commonwealth, 261 Ky. 610, 88 S. W. (2d) 274; Crabb v. Larkin, 9 Bush, 154; Liverpool & London & Globe Ins. Co. v. Wright & Allen, 166 Ky. 159, 179 S. W. 49; Occidental Ins. Co. v. Chasteen et al., 255 Ky. 710, 75 S. W. (2d) 363. This incompetent evidence was on the decisive point; that is, the intent of Wilkerson at the time he took possession of the automobile to convert it to his own use and deprive the owner thereof permanently, to establish which no other evidence was directed. Louisville & N. R. Co. v. Frazee, 71 S. W. 437, 24 Ky. Law Rep. 1273; Honaker v. Crutchfield, 247 Ky. 495, 57 S. W. (2d) 502; Occidental Ins. Co. v. Chasteen, supra.

Wherefore, the motion for an appeal is sustained, the judgment is reversed, with directions to award the insurance company a new trial and proceedings consistent herewith.