# Kidwell et al. v. Paul Revere Fire Ins. Co. et al.

June 25, 1943.

Lee S. Jones for appellant.

William Mellor for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The appellee, the Paul Revere Fire Insurance Company, issued to the appellants a policy by which it insured them against loss of their automobile. The policy provided that it did not cover:

"d. Loss or damage due to: Wrongful Conversion, Embezzlement or Secretion by a mortgagor, vendee, lessee or other person in lawful possession of the insured property under a mortgage, conditional sale, lease or other contract or agreement, whether written or verbal.

"e. (2) While rented under contract or leased."

After alleging the issuance and terms of the policy the petition alleged that a notorious crook, intending to

steal the car, represented to the appellants that he was a business man who desired to rent a car for several weeks' use in Louisville and that he would return the car daily without taking it outside of Jefferson County and that the appellants, believing this representation, rented the car to him and it was never returned. Judgment was prayed for the value of the car. The trial court sustained a demurrer to the petition and dismissed it when appellants declined to plead further. The appeal is from that judgment.

It is the contention of the appellants that although the car was stolen while rented under contract or leased nevertheless, since the one to whom they rented the car intended to steal it at the time the rental contract was entered into, there was a theft of the car for which the Company was responsible under the policy.

Reliance is placed on Federal Insurance Company v. Hiter 164 Ky. 743, 176 S. W. 210, L. R. A. 1915E, 575 and Fidelity & Guaranty Fire Corporation v. Ratterman, 262 Ky. 350, 90 S. W. (2d) 679. However, those cases merely announced the general principle that one who obtains possession of property by lawful means and thereafter appropriates it to his own use is guilty of a theft if the intent to appropriate it to his own use and deprive the owner of it permanently existed in his mind at the time the property came into his hands. In short, they held that such a taking of a car as that alleged in the petition in this case is a theft within the meaning of a policy insuring against theft. Were this the only question confronting us, we would regard those cases as controlling, but in the policy in question here such a theft is excluded from the risk by the very terms of the policy. The contract of renting violated the terms of the policy providing there should be no coverage if the insured rented the car. The violation of the exclusionary provision was complete when the car was rented, regardless of the intent of the one to whom it was rented.

The purpose of the exclusion is manifest and it is a reasonable one. The Company was willing to assume the risk while the car was in possession of the insured but was unwilling to assume the increased hazard incident to renting or leasing, one of these hazards being the dishonesty of the lessee. If the insured chose to place the car voluntarily in the hands of another, the insured and not the Company assumed the risk of loss resulting

from this voluntary action—the Company was unwilling to insure either the honesty or discretion of anyone to whom the insured might entrust the car under a lease or rental contract. To construe the exclusion as applying only to honest renters or lessees would result largely in defeating the purpose of the exclusion and would be a distortion of the clear and unambiguous language of the policy.

In Aetna Casualty & Surety Company et al. v. Salyers et al., 294 Ky. 826, 172 S. W. (2d) 639, we held that a similar exclusionary provision operated to relieve the insurer from liability for theft by a conditional vendee although the latter intended to steal the car at the time the conditional sale was made and the car placed in his hands. It is obvious that the theft with which we are here concerned falls even more clearly within the scope of the exclusionary provision.

The trial court correctly sustained the demurrer and dismissed the petition.

Affirmed. Whole court sitting.