**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Aubrey LILE et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 13, 1959.

---◆---

Earle M. Nichols, Nichols & Nichols, Madisonville, for appellant.

W. D. Bratcher, Greenville, for appellees.

MONTGOMERY, Chief Justice.

Aubrey Lile and M. C. Shannon, partners, doing business as Lile-Shannon Motor Company, recovered judgment for $385 against the Insurance Company of North America for the alleged theft of a car. The insurance company has moved for an appeal and maintains that the loss came within an exclusion of its coverage under the policy.

The exclusion provision follows:

"7. Exclusions. This policy does not apply:

"(d) Under any Coverage—to loss resulting from either the Insured voluntarily parting with title and possession of any automobile if induced so to do

by any fraudulent scheme, trick, device, false pretense, or from Embezzlement, Conversion, Secretion, Theft, Larceny, Robbery or Pilferage committed by any person including any employee, entrusted by the Insured with either custody or possession of the automobile."

The case was tried on a stipulation of facts. Appellees, auto dealers, voluntarily delivered the "temporary custody and possession" of a 1950 Ford to one Martin. He represented himself as a potential customer. The car was delivered to Martin for the ostensible purpose of showing it to his wife. Martin took the car without paying for it and departed. No bill of sale or other written evidence of title was given. Diligent search failed to locate him, the car, or anyone who had known or been acquainted with him.

Martin identified himself as an employee of Luther McIntosh, a customer of appellees. They relied on his statement because of their knowledge of the "credit reputation of McIntosh and his employees." Appellees had tried, unsuccessfully, to contact McIntosh on the day the car was taken. The next day they learned from McIntosh that the person who identified himself as Martin was not his employee and was unknown to him.

The sole question is whether the loss described is excluded from coverage under the policy.

In Aetna Casualty & Surety Co. v. Salyers, 294 Ky. 826, 172 S.W.2d 635, and Kidwell v. Paul Revere Fire Ins. Co., 294 Ky. 833, 172 S.W.2d 639, the principles applicable here were discussed and applied to similar factual situations. Under a similar exclusion provision, it was held that "the insurer plainly manifests therein an intention not to enter into a contract equal to a 'blanket bond guaranteeing the integrity of all persons' to whom the insured might voluntarily entrust the possession of the insured property, and that the loss incurred by such delivery should be borne by the in-

sured who possesses superior opportunities for ascertaining the moral character and reputation of the one to whom possession is so given than does the insurer and that the consequences should fall" on him. This holding has recently been approved. Parson v. Insurance Company of Texas, Ky., 307 S.W.2d 190.

The motion for an appeal is sustained. The appeal is granted, and the judgment is reversed with direction to enter one for the appellant.