**DON ROTH DEVELOPMENT CO., INC., et al., Respondents,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Appellant.**

**No. 46801.**

Missouri Court of Appeals, Eastern District, Division One.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1984.

Application to Transfer Denied May 15, 1984.

Bruce A. Ring, John W. Maupin, Kirkwood, for appellant.

John H. Lamming, J.B. Carter, Clayton, for respondents.

STEWART, Judge.

This is an action pleaded and tried upon the theory of inverse condemnation. The action was originally filed by Don Roth Development Company, Inc., as the owner of property taken, against Missouri Highway and Transportation Commission (Defendant). On September 27, 1982, Page-West Realty, Inc. was added as a party plaintiff alleging that it owned the property at the time of taking. The trial resulted in a verdict and judgment for Page-West Realty, Inc.

On this appeal defendant raises four issues for our consideration. The issue we

must consider first which is dispositive of the cause is the bar of the statute of limitations. Defendant also defends on the theory that the cause is one for slander of title and that the defendant is cloaked with sovereign immunity on such an action. The latter carries a two year statute under § 33.120, RSMo 1978.

We consider the pertinent facts on the issue under consideration. Defendant condemned 25 acres [1] of a 57 acre fully developed industrial park for highway purposes, which was originally purchased by Don Roth in 1970. The commissioners made an award of $1.7 million. Defendant believed that the award of a jury upon trial of exceptions would be considerably less. For the ostensible purpose of protecting the expected refund defendant filed a "Notice of Lis Pendens" with the Recorder of Deeds for St. Louis County on December 4, 1974. The "Notice of Lis Pendens" encompassed the entire 57 acre tract thus covering the approximate 32 acres that were not the subject of the condemnation action.

The 57 acre tract had been titled in Commercial Locations Company, Inc., a corporation. The stock of the corporation was owned by Don Roth. The 25 acre tract was transferred to Don Roth for the purpose of expediting disposition of the condemnation proceeding. When the condemnation suit was filed, the 25 acre plot was again titled in Commercial Locations Company.

On November 23, 1974, prior to the filing of the Notice of Lis Pendens, a potential buyer of lot 13 of the development executed an option contract for purchase of lot 13, a part of the 32 acre tract remaining after condemnation of the 25 acre tract. The buyer made a payment of $10,000.00 as earnest money to Commercial Locations Company. On December 2, 1974, two days before the lis pendens was filed, Commercial conveyed the 32 acre tract including lot 13 to Page-West Realty Company (Page-West). The stock of this corporation was also owned by Don Roth.

During further negotiations with respect to the sale of lot 13, the purchaser became aware of the lis pendens. The sale was not consummated for several reasons, among them the inability to transfer merchantable title because of the lis pendens. The potential purchaser forfeited the $10,000.00 payment.

Commission had agreed to make a partial release of the lis pendens that would release lot 13 from the lis pendens. The partial release, however, was not accomplished until after the potential purchaser of lot 13 abandoned its option to purchase the lot.

The instant suit was filed on September 10, 1976, by Don Roth Development Company, a corporation. The plaintiff alleged that it was the owner of the fee simple title to 32 acres of a certain described parcel of land; that on December 4, 1974, defendant filed a "Notice of Lis Pendens" in the condemnation case involving 25 acres of contiguous land, title to which was in Don E. Roth, a single person; that the lis pendens encompassed the 25 and the 32 acre tracts of land; that the filing of the lis pendens on December 4, 1974, constituted a taking and damaging of plaintiff's property in violation of Article I, Sec. 26, Const.Mo.1945.

Defendant's answer admitted the allegation that plaintiff held fee simple title to the 32 acre tract of land.

On September 27, 1982, plaintiff filed a motion to add Page-West Realty Co., Inc., as a party plaintiff, along with an amended petition in inverse condemnation. This petition alleged that Page-West was the holder of fee simple title to the 32 acre tract at the time the lis pendens was filed and that Don Roth Development Company had the right to develop the tract of land. Another count for malicious slander of title was added but subsequently dismissed. The claim of Don Roth Development Company was also dismissed, leaving Page-West as the sole plaintiff.

---

1. The tract taken was slightly in excess of 25 acres. We will round out the number for the sake of simplicity.

Defendant's amended answer denied generally the allegations of plaintiff's amended petition and asserted the protection of sovereign immunity because the action was for slander of title. It also pled the bar of the five year statute of limitations.

The question of the nature of this action presents interesting issues which we need not determine. Whether an action for slander of title or an action for inverse condemnation we reach the same ultimate result. If the action is one for slander of title, defendant is protected by sovereign immunity.

If we assume for the purposes of this discussion that the action is in inverse condemnation, the five year statute of limitations, § 516.120, RSMo 1978, would apply. *Lewis v. City of Potosi*, 317 S.W.2d 623, 628 (Mo.App.1958). We must next determine when the statute of limitations began to run. Our consideration is confined to the theory upon which the case was originally tried. As noted above, plaintiff alleged that the filing of the lis pendens on December 4, 1974, constituted a taking of the 32 acre tract without just compensation. Plaintiff, in submitting his case, sought damages from the date of taking December 4, 1974. The filing of the lis pendens constituted a cloud on title. *Keller v. Reich*, 646 S.W.2d 141, 142 (Mo.App. 1983). Plaintiff was damaged and the cause of action accrued when the lis pendens was filed and the statute began to run. The action was barred five years thereafter.

Page-West was made a party to the action on September 27, 1982, seven years, seven months and twenty-seven days after the action accrued. Page-West contends that the amended pleading adding it as the plaintiff related back to the filing of the original petition so as to bring the action within the statute.

After the petition was amended in September of 1982, adding plaintiff, the court dismissed the petition as to Don Roth Development Company for failure to state a claim upon which relief could be granted.

Plaintiff here was the only party plaintiff. The record before us does not show that Don Roth Development Company ever had an interest in the tract of land that is the subject of this action. It had no right or authority to bring the action in the first instance. An amendment will relate back to the original petition so as to save the action from the statute of limitations only when the original plaintiff had the legal right to sue and stated a cause of action at the time suit was filed. *State ex rel. Jewish Hospital of St. Louis v. Buder*, 540 S.W.2d 100, 107 (Mo.App.1976).

In the present case the record does not reveal that Don Roth Development Company had any interest in the tract of land that is the subject of this action. It had no right to maintain the action it filed. The amendment adding Page-West could not relate back to the original filing of the action. The statute of limitations had run upon the claim of Page-West prior to the time that it became a party to the action.

The judgment of the trial court is reversed.

SNYDER, P.J., and RONALD M. BELT, Special Judge, concur.