Thomas E. CHAPMAN, Appellant,

v.

AUTO–OWNERS (MUTUAL)
INSURANCE COMPANY,
Respondent.

No. WD 35914.

Missouri Court of Appeals,
Western District.

Jan. 8, 1985.

D. James Mariea, Whitlow, Riley, Mariea & Dunlap, P.C., Fulton, for appellant.

Patrick A. Baumhoer, Stockard, Andereck, Hauck, Sharp & Evans, Jefferson City, for respondent.

Before KENNEDY, P.J., and DIXON and CLARK, JJ.

PER CURIAM:

Chapman, an automobile dealer, appeals from the grant of summary judgment for Mutual and from the denial of his own motion for summary judgment. His two points on appeal involve the construction of an exclusion in a policy he maintained with Mutual. Affirmed.

Chapman's "Dealer's Blanket Policy," for which he paid Mutual a quarterly premium of $438.00, on the automobiles he held for sale and resale, provided that it did "not cover: (c) loss suffered by the insured in case he voluntarily parts with title to, possession of or custody of any automobile at risk hereunder, if induced to do so by

any fraudulent scheme, trick, device or false pretense." It is uncontested that Mutual also made available a "rider," which, for a specified additional premium, covered losses resulting from that fact situation. However, Chapman only purchased the Blanket Policy, with its basic premium rate.

On June 7, 1982, while the Blanket Policy was in force, Allen Varrin asked one of Chapman's employees if he could test drive a 1978 Trans Am that Chapman held for resale. It was established at the hearing, and is not contested on appeal, that Varrin actually intended to obtain the car in order to skip parole in Missouri and flee to Canada. Chapman's employee voluntarily parted with possession of the Trans Am upon false pretense by Varrin that he wanted to test drive the car. On June 8, 1982, after attempting to elude the Minnesota Highway Patrol, Varrin wrecked the automobile. Chapman requested that Mutual pay the loss pursuant to the Blanket Policy. Mutual refused, based on Exclusion (c). Both parties filed motions for summary judgment. The trial court denied Chapman's motion and granted that of Mutual.

■ Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to it as a matter of law. Rule 74.04(c) and (h); *Bishop v. United Missouri Bank of Carthage,* 647 S.W.2d 625, 626 (Mo.App.1983). The record must be reviewed in the light most favorable to the party against whom judgment was entered. *Mercantile Trust Co. v. Carp,* 648 S.W.2d 920, 923 (Mo.App. 1983). Even under this rigorous standard, the grant of summary judgment for Mutual was appropriate.

Chapman asserts the court erred in denying its motion and granting Mutual's motion because the proximate cause of the loss was the car crash and Varrin's scheme or trick was merely an antecedent contributing circumstance. By this construction, Chapman ignores both the language of the exclusion and the intent of the parties.

In writing the Dealer's Blanket Policy and stating various "exclusions," Mutual limited the risks it was willing to accept for a certain premium. However, for an additional premium, it made available a rider that was expressly designed to cover the risk excluded in (c) above. Exercising business judgment, Chapman did not purchase the rider but merely bought the Blanket Policy. Varrin, with the intent to take the Trans Am and flee to Canada, took the car with Chapman's approval, under false pretenses. Thus, one of the events excluded under the Blanket Policy occurred and from that moment forward, the Trans Am was uninsured. That the actual damage to the car occurred later, when it crashed, is irrelevant.

■ Citing *Citizens Insurance Co. of New Jersey v. Kansas City Commercial Cartage, Inc.,* 611 S.W.2d 302, 307 (Mo. App.1980), Chapman also argues the "in case" language of exclusion (c) causes ambiguity and the ambiguity must be resolved in favor of the insured, thus covering the loss. A contract is not rendered ambiguous because the parties differ on its construction. *Republic National Life Ins. Co. v. Missouri State Bank & Trust Co.,* 661 S.W.2d 803, 808 (Mo.App.1983). This exclusion is unambiguous. The language, clearly denominated an exclusion, contemplates that when a certain fact pattern (e.g., the dealer voluntarily parts with possession of the automobile and is induced to do so by a fraudulent scheme or false pretenses) occurs, that automobile becomes uninsured and *any loss* thereafter occurring is not covered. The words "in case" plainly refer to the facts under which possession of the car was obtained and not to the event causing damage. *Outwest Bean, Inc. v. National Fire Ins. Co. of Hartford,* 514 P.2d 782 (Colo.App.1973); *Insurance Co. of North America v. Lile,* 321 S.W.2d 50 (Ky.Op.1959). The exclusion's purpose becomes even clearer in light of the rider which Mutual admits would cover this situation but which Chapman chose not to purchase. Because the exclusion clearly and unambiguously applies to this situation, the Trans Am became uninsured when Chapman relinquished it to Varrin and the loss was not covered. The trial court correctly

granted Mutual's motion for summary judgment and correctly denied that of Chapman.