In re the ESTATE OF Ruth M. KRAEU-CHI, Incapacitated and Disabled.

In the Matter of Jack E. OATES, Jr., Movant-Appellant,

v.

CENTERRE TRUST COMPANY OF ST. LOUIS, Conservator, Respondent.

No. 51753.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 31, 1987.

Motion for Rehearing and/or Transfer Denied May 6, 1987.

Application to Transfer Denied June 16, 1987.

Richard M. Stout, Chesterfield, for movant-appellant.

Lewis & Rice, Scot W. Boulton, William A. Montgomery, Jr., St. Louis, for respondent.

PER CURIAM.

Jack E. Oates, Jr., appeals from the trial court's denial of his motion to set aside a court order disapproving a report of the sale of real estate. We affirm.

On May 2, 1985, appellant entered into a contract with respondent, Centerre Trust Company of St. Louis, for the purchase of certain real estate for $137,500.00 which was then an asset of the estate of Ruth M. Kraeuchi, for whom respondent acted as conservator. Respondent filed a report (hereinafter Seventh Report) with the probate court which subsequently issued an order on June 14, 1985, approving the sale. The closing on the sales contract was scheduled for December 31, 1985, but was never completed due to a defect in title. The contract required respondent to convey an access easement along with the subject property. When appellant attempted to close on the contract, he was told the title company was unable to insure the easement. Along with a cashier's check for the purchase price, appellant brought to the

attempted closing a letter from his lender which stated: "These funds are not to be disbursed unless a proper easement ... is insured according to the contract." Due to the problem with the easement, the parties signed an agreement extending the closing date to January 3, 1986. The title question was still unresolved as of January 3, 1986, and the parties entered into a second contract on January 17, 1986, in which the purchase price was reduced to $110,000.00 for the purchase of the property without the easement. A mutual release was executed along with the second contract which conditioned the release of all contractual liabilities under the first contract upon the acceptance "in its entirety" of the second contract. The second contract (hereinafter Eighth Report) was filed with the probate court on March 24, 1986, along with a petition to set aside the Seventh Report. The petition was granted April 21, 1986. A Ninth Report was filed with the probate court on April 22, 1986, pursuant to a sales contract dated March 28, 1986, in which Hannelore E. Bugby agreed to pay $150,-000.00 for the property without the easement. According to appellant's testimony, he then entered into a third contract with respondent on April 29, 1986, in which the purchase price was $160,000.00.[1] The legal file does not contain a report of this third contract. On April 30, 1986, appellant filed a motion with the probate court to set aside the court order of April 14, 1986, disapproving the Seventh Report and requested the probate court to reinstate the May 2, 1985 contract. Appellant contends he received no notice of the probate court action that set aside the Seventh Report. On June 6, 1986, the probate court denied appellant's motion and this appeal ensued.

Appellant makes the following contentions of error on appeal: (1) The trial court erred in denying appellant enforcement of the May 2, 1985 contract because the court's order was unsupported by the evidence in that respondent (A) did not act to

rescind the contract; and (B) expressly agreed (in the mutual release) the May 2, 1985 contract was valid and subsisting; and (2) The trial court's order setting aside the order approving the Seventh Report was void in that it was entered without notice to the appellant.

The trial court's order of June 6, 1986, denying appellant's motion to set aside the order disapproving the Seventh Report found as follows:

> [I]t was considered by the purchaser that the title to be conveyed by conservator was imperfect, more specifically an easement to be conveyed pursuant to the contract was imperfect and that, pursuant to the terms of the contract, such imperfection cancelled the contract in its entirety subject to a perfection of the title by conservator within a reasonable time as agreed by movant or by a waiver of the imperfection by purchaser.

The court further found that to avoid a cancellation by waiver of title imperfection, appellant would have had to make the waiver by the end of the extended closing date, January 3, 1986, and that appellant failed to do so.

The contract provision at issue reads as follows:

> If title be found imperfect, the above mentioned deposit is to be refunded and this contract shall be cancelled in its entirety, including commission due agent and all parties released therefrom, unless the title may be cleared within a time acceptable to the Purchaser, and the Seller, at his [sic] option, shall elect to clear the title at his cost. Provided that Purchaser may elect to waive any defect and close the sale.

Appellate review of a trial court's interpretation and application of a contract provision is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), and Rule 73.01. The trial court's determination will not be disturbed on appeal "unless there is

---

1. The statutory provision governing the court's approval of a report of sale, § 473.513.3, RSMo 1986, provides:

     The court shall examine the report and if satisfied that the sale, mortgage or lease has

been at the price and terms most advantageous to the estate ... shall approve the same....

no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy, supra,* at 32.

Appellant contends the trial court erred in its interpretation of the contract provision and that "it was not incumbent upon Appellant to elect to accept less than he bargained for until the guardian [respondent] had decided that it could not or would not clear the title to the property." Respondent contends the contract becomes null and void upon purchaser's failure to waive and that such rescission is automatic.

"A contract is not rendered ambiguous because the parties differ on its construction." *Chapman v. Auto-Owners (Mut.) Ins. Co.,* 684 S.W.2d 335, 336 (Mo.App. 1985). In construing unambiguous contracts, "[t]he courts seek to ascertain the intent of the parties by giving to the language used its natural, ordinary, and common meaning, but they also look to the entire contract." *Wilshire Const. Co. v. Union Elec. Co.,* 463 S.W.2d 903, 906 (Mo. 1971).

■ We find the trial court was not in error in its construction of the contract provision before us. The language of the provision, when construed in its ordinary and common meaning, provides two alternatives in the case of title imperfection. The seller has the option to cure if agreeable to purchaser and the purchaser has the option to waive the defect. None of the language suggests the purchaser may reserve his option to waive until the seller has acted and thus, we find appellant's contention to be without merit.

A similar situation was addressed in *Keller v. Reich,* 646 S.W.2d 141 (Mo.App. 1983)[2] in which a purchaser attempted to enforce a contract upon the cure of a defect three years after the scheduled closing. The court found the contract to be null and void pursuant to its terms because the purchaser had failed to waive the de-

fect within sixty days, the time specified in the contract.

Where no time limit is expressly stated in the contract, the law implies a reasonable time. *Artcraft Cabinet, Inc. v. Watajo, Inc.,* 540 S.W.2d 918, 925 (Mo.App.1976). Here the parties provided a "reasonable time" in extending the closing date to January 3, 1986.

■ The trial court found appellant had not waived the defect by January 3, 1986, and we find substantial evidence in the record to support that determination. Michael Caton, attorney for respondent at the closing, testified appellant told him on January 3, 1986, he didn't want to purchase the property for $137,000.00 without the easement. Appellant also presented a letter from his lender at the attempted closing that stated the funds were not to be disbursed unless the easement was insured. Appellant's actions subsequent to the attempted closings also indicated an unwillingness by appellant to waive the defect when he entered into a second contract at a reduced price.

Based on the foregoing, we will not disturb the trial court's determination that appellant failed to waive the defect prior to January 3, 1986, and that the contract was cancelled in its entirety as of that date pursuant to its terms.

The cases cited to us by appellant, *Bogad v. Wachter,* 365 Mo. 426, 283 S.W.2d 609 (1955), and *Beck v. Strong,* 572 S.W.2d 484 (Mo.App.1978), involve purchasers who had already taken possession, made improvements to the property, and made partial payment toward the purchase price. The cases reflect the doctrine that equity abhors forfeiture and address circumstances where a purchaser's default works a hardship to the party already in possession. The principle is inapposite here where seller has retained possession and no default or forfeiture has occurred.

**2.** The provision in *Keller, supra,* at 143 provided: "[i]f any of said defects so noted are not corrected within sixty (60) days after delivery of such objections then this contract shall be null

and void and the earnest money deposited as foresaid shall be returned to the Buyer and the abstract returned to the Seller."

■ Appellant's second contention within this first point, that respondent treated the May 2, 1985 contract as valid and subsisting when they executed a mutual release on January 17, 1986, is also without merit. Because the contract was cancelled in its entirety pursuant to its terms on January 3, 1986, a release executed January 17, 1986, can have no effect. Point denied.

■ Appellant's second point, that the trial court's order setting aside the Seventh Report was void in that appellant was not given notice, is similarly without merit. Because the contract was cancelled in its entirety on January 3, 1986, appellant could not be the owner of the equitable title when the approval of the Seventh Report was set aside on April 21, 1986, and was not therefore, entitled to notice of the probate court action. Point denied.

Judgment affirmed.

ALL CONCUR.