**PAUL LONDE, INC.,**
**Plaintiff–Respondent,**

v.

**Carl J. CARLIE, et al., Defendents,**

**Sheldon Enger, Leslie Borowski, Barry Worth, Melvin Goldstein, and P. Grandville Mitchell, Defendants–Appellants.**

**No. 52817.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 15, 1987.

Alan B. Hoffman, St. Louis, for defendants-appellants.

Edwin D. Akers, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

This is an appeal by five of seven individual defendants, who were co-makers of a promissory note for $750,000. The "Enger" defendants appeal after summary judgment in favor of plaintiff, a Missouri Corporation, for $278,038.99. On July 7, 1986 the court granted partial summary judgment on the issue of liability for the balance of principal due. An evidentiary hearing was held on November 24, 1986, to determine interest and attorney's fees owed on the note. Based thereon the court entered summary judgment in favor of plaintiff and against all seven defendants,

jointly and severally, in the amount of $278,038.99 which included principal, interest and a ten percent attorney's fees. We reverse and remand.

Plaintiff's first amended petition alleged the corporate existence of plaintiff, the execution of the promissory note by defendants and two other individuals, the terms of the note, plaintiff's status as holder of the note and the amount due under the note.

Thereafter, the Enger defendants filed their answer admitting the corporate existence of plaintiff and the venue, but denying the remaining allegations. Their answer alleged that plaintiff had failed to state a claim upon which relief could be granted. Additionally, three affirmative defenses were raised: (1) that the note had been paid in full and no amounts were due and owing by the Enger defendants; (2) that the Enger defendants had entered into an agreement with the original holder of the note, Boatmen's Bank of St. Louis County (Boatmen's), whereupon the bank and all subsequent holders and purported holders of the note were bound to seek recovery solely from the remaining two defendants, the "Carlie" defendants; and (3) that plaintiff lacked any right to enforce the note because Paul Londe, Inc. was not the true legal holder of the note, did not pay valuable consideration therefor, and had no right, title or interest therein.

Thereafter, plaintiff filed a motion for summary judgment together with two affidavits in support of the motion. The first affidavit was signed by Paul Londe as president of plaintiff, Paul Londe, Inc. He swore that he was "the President of Paul Londe, Inc., a corporation which is the present holder for value of a certain promissory note dated July 1, 1984, a copy of which is attached hereto, said note being in the principal amount of $750,000." His affidavit also states that "Paul Londe Inc. purchased said note from Mark Twain Progress Bank on or about July 3, 1985 for good and valuable cash consideration in the amount of $228,236.55." Finally, he affirms that the principal sum due on the note is $203,000.00; that interest is due and owing since November 1, 1984 with the

exception of the sum of $17,405.10 paid on or about June 6, 1985; and, that all defendants executed the note as general partners of a partnership, Tiger, Fireside, Stone, Carlie and Company.

The second affidavit in support of the motion for summary judgment was executed by Michele Kopolow, a Vice-President of Mark Twain Progress Bank. By her affidavit she swore to the following facts: (1) "On behalf of the Bank and Mr. Paul Londe, d/b/a Paul Londe, Inc., a customer of the Bank, I participated in negotiations to acquire by purchase from Boatmen's Bank of St. Louis County (Boatmen's) a certain promissory note dated July 1, 1984 in the principal amount of $750,-000;" (2) that said note was purchased by the Bank for cash consideration in the amount of $228,236.55.; (3) that "[s]aid note was purchased for the account of Paul Londe d/b/a Paul Londe, Inc. and the funds to purchase the said note were the proceeds of a loan from the Bank to Paul Londe, d/b/a Paul Londe, Inc. After purchase, said note was *assigned by the Bank to Paul Londe*" (our emphasis); and, (4) "[s]aid note has been pledged to the Bank by Paul Londe, d/b/a Paul Londe, Inc. as security for the loan referred to above."

An affidavit in support of a motion for continuance and in opposition to plaintiff's motion for summary judgment was filed by Alan B. Hoffman, counsel for the Enger defendants. This affidavit presented to the court the following: "Said promissory note was originally executed by defendants to the order of Boatmen's Bank of St. Louis County ("The Bank"). At the time the promissory note was executed, all of the defendants were partners in the public accounting partnership of Tiger, Fireside, Stone, Carlie & Company. In November, 1984, said partnership was terminated. In May, 1985, defendants Enger, Borowski, Worth, Goldstein and Mitchell (the "Enger" defendants) paid the Bank one-half of principal amount, accrued interest, and attorney's fees incurred by the Bank in efforts to collect said promissory note, and received an undertaking from the Bank that it would seek to recover the remaining principal balance, interest and collection costs

solely from defendants Stone and Carlie." The affidavit continues, "Defendants, Borowski, Worth, Goldstein and Mitchell have raised affirmative defenses of payment, discharge and lack of capacity on the part of plaintiff to enforce the subject Promissory Note as the holder of same." Significantly, the counter affidavit also sets forth, a statement that the Enger defendants "have previously caused a Request for Production of Documents to be served on plaintiff, but the hearing date presently scheduled on plaintiff's motion is prior to the date when plaintiff is required to file its response to the pending request." The affidavit states as a conclusion that in order to properly assert their defenses and oppose the motion for summary judgment the Enger defendants needed the product of the Motion for Production of Documents and depositions of Paul Londe and others "having knowledge of the circumstances under which plaintiff now claims to be the holder for value or the subject Promissory Note." The motion for continuance requested sufficient time beyond the setting of July 7, 1986 in order to fully defend against plaintiff's motion for summary judgment.

The trial court denied the Enger defendants' motion for continuance and granted partial summary judgment on the issue of liability only on July 7, 1986. The evidentiary hearing on November 24, 1986 was limited by the trial court, over objection of the Enger defendants, to proof of sums due as interest and attorney's fees according to the terms of the Note. Final judgment was entered on December 2, 1986.

■ Appellants have filed a motion to strike certain portions of the statement of facts in respondent's brief on the ground that certain statements therein are argumentative, incorrect and not supported by any evidence. We do not believe that the fact respondent underlined three words in the statement of facts undermines our ability to determine whether these were undisputed relevant facts which were before the trial court when it granted summary judgment. See, *Zurheide–Hermann, Inc., v. London Square Dev. Corp.,* 504 S.W.2d

161, 164 (Mo.1973). Accordingly, the motion to strike is overruled.

Summary judgment is proper only when the court determines that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. *Chapman v. Auto–Owners (Mut.) Ins. Co.,* 684 S.W.2d 335, 336 (Mo.App.1985). On review we will scrutinize the evidentiary record in the light most favorable to the party against whom the judgment was rendered and accord to that party the benefit of every doubt. *Chapman,* 684 S.W.2d at 336. We look solely to summary judgment facts derived from the pleadings, depositions, admissions and affidavits filed to determine whether there remains any legal ground which might defeat recovery and therefore preclude the issuance of a summary judgment. *Zafft v. Eli Lilly and Co.,* 676 S.W.2d 241, 243 (Mo. banc 1984).

Appellants assert summary judgment was improper because genuine issues of material fact existed in that (1) plaintiff was not the holder of the note, the holder for value, nor the real party in interest of the note; (2) a letter agreement of May 28, 1985 precluded judgment for Paul Londe, Inc. on the note as a matter of law; and, (3) the Enger defendants paid all they owed on the note.

Our reading of the briefs and record indicates that the decisive issue here is not whether the note has been paid or whether a letter agreement precludes enforcement, but whether, as a matter of summary judgment, plaintiff-corporation was entitled to judgment as the holder of a promissory note. The Enger defendants do not claim the note was fully paid. By their view the balance is due from the other co-signers. Appellants argue that the note, endorsed in blank by Boatman's Bank and held by Mark Twain Progress Bank, as pledgee for Paul Londe, individually as pledgor, cannot be enforced against them by plaintiff, Paul Londe, Inc. They maintain that on July 7, 1986, when the court granted partial summary judgment on the issue of liability there remained a disputed material issue of fact whether Paul Londe or Paul Londe, Inc. had a right to enforce the promissory

note as plaintiff. This is distinctly different than the issue of whether defendants were liable to Mark Twain Progress Bank, Paul Londe, Paul Londe, Inc., or one or more of them.

■ We find and hold that when the trial court granted summary judgment on the issue of liability there remained a disputed material issue of fact on the standing of plaintiff corporation to recover as a holder of the promissory note. If the affidavit of Paul Londe, President of Paul Londe, Inc., is considered by itself then plaintiff corporation was entitled to a summary judgment. Pursuant to UCC Sections 400.1–201(20) and 400.3–301 RSMo 1986, Paul Londe, Inc., as holder of the instrument could on his statement, enforce payment against defendants. His affidavit swears that Paul Londe, Inc. is the holder for value of the notes. However, the affidavit of Paul Londe did not stand alone. The trial court also had before it the affidavit of Michele Kopolow, Vice-President of Mark Twain Progress Bank. According to her affidavit her bank made a loan to Paul Londe and the funds to purchase the promissory note were the proceeds of that loan. The use of "d/b/a" in the affidavit does not and cannot establish as a matter of law that the corporation was the customer of the bank. Within the confine of Summary Judgment we consider "d/b/a Paul Londe, Inc." as surplusage because the affidavit of Michele Kopolow can be read to mean that Paul Londe individually borrowed from Mark Twain and pledged the subject promissory note as security for repayment. In support of this interpretation we note an attachment incorporated in the affidavit of Michele Kopolow. The attachment is an assignment which bears the date of July 3, 1985 and the signature of Michele Kopolow as Vice–President of Mark Twain Progress Bank. The relevant assignment language reads: "that Mark Twain Progress Bank, a Missouri banking corporation ("Assignor/Agent"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby assign, transfer and set over unto *Paul Londe*, his successors and assigns, all Assignor's right, title and interest in and to

that certain: 1. Promissory Note dated July 1, 1984 payable to Boatmen's Bank of St. Louis County in the face amount of $750,000, and with a present balance of: ... $228,236.55." (our emphasis) Further, the assignment contains language that "Mark Twain Progress Bank acted as agent for and in behalf of said *Paul Londe* in acquiring the above enumerated in the purchase of same from Boatmen's Bank of St. Louis County, and as Lender to *Paul Londe* in advancing funds for the purpose of acquiring said above enumerated." (our emphasis)

The affidavit of Michele Kopolow together with the assignment directly conflicts with the Londe affidavit wherein he stated that on July 3, 1985 Paul Londe, Inc. purchased the note. At the time the court determined partial summary judgment on the issue of liability there was before the court no undisputed evidence to indicate a subsequent assignment from Paul Londe, as an individual, to Paul Londe, Inc.

By reason of the affidavit of Michele Kopolow there were facts before the trial court which would support a conclusion that Paul Londe, an individual, was the customer of Mark Twain Progress Bank; that he individually borrowed funds with which to purchase the subject promissory note from Boatmen's Bank of St. Louis County; that he individually pledged the note to Mark Twain Progress Bank; and, that Paul Londe Inc. was a legal stranger to the note when it filed suit against the makers of the note, including the Enger defendants. Paul Londe Inc. was entitled to bring suit to enforce the note only if it was entitled to on undisputed facts, to standing as a holder of the note. However, if Paul Londe, individually, was the owner and holder of the note which he pledged to Mark Twain Progress Bank then a judgment for Paul Londe, Inc. would not be binding on Mark Twain and could not operate to prevent a suit by Mark Twain Progress Bank as pledgee of the note. On these facts, Paul Londe, Inc. may not have been entitled to possession of the promissory note and a judgment in its favor would

not destroy the rights of Mark Twain Progress Bank to recover on the note.

Because there existed a material genuine issue of fact relating to plaintiff corporation's ownership of the note at the time the court granted summary judgment plaintiff Paul Londe, Inc. was not entitled to summary judgment.

In view of our finding and holding it is unnecessary to consider and we do not decide defendants' claim that Boatmen's Bank and subsequent holders of the note are bound by an agreement limiting the right of a holder to recover against the Enger defendants or that the note has in some manner been paid. We hold only that the grant of a summary judgment was not supported by undisputed material facts. We reverse and remand.

SMITH and KELLY, JJ., concur.